IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

----------------------------------------- x
Christopher Tabick,            :    Case: 17-cv-04577

     Plaintiff,

vs.

FCI Lender Services, Inc.,

     Defendant,
----------------------------------------- x

## MEMORANDUM OF LAW IN OPPOSITION TO CLASS CERTIFICATION

**COMES NOW,** Defendant, by and through its undersigned attorney, and hereby submits its opposition to Plaintiff's Motion for Class Certification, and states as follows:

### I. DEFENDANT'S NOTICES SENT TO NEW YORK CONSUMERS COMPLY WITH THE FDCPA.

FCI Lender Services, Inc. is fully in compliance with the FDCPA in every correspondence sent to consumers in New York. All language required by 15 U.S. §1692(e) is present in the letter sent to Plaintiff and in all letters of this type sent to other New York Consumers. All interest noted in the communication sent to Plaintiff was accurate according to the records of its predecessors in interest. The FDCPA contains an affirmative defense for such implicit waivers as complained of in Plaintiff's complaint, such that successive servicers are not held responsible for alleged and undocumented actions of a prior servicer. 15 U.S.C. §162k(c).

### II. THE "LEAST SOPHISTICATED CONSUMER" STANDARD.

The "least sophisticated consumer" standard is used when analyzing whether a violation of the FDPCA has occurred. <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1318-19 (2d Cir. 1993), <u>Ellis v. Soloman & Solomon, P.C.</u>, 591 F.3d 130, 135 (2d Cir. 2010). While this standard is designed to protect "the gullible as well as the shrewd" consumer, courts apply the standard such that debt

collectors are protected against liability for unreasonable misinterpretations. Id. Even the least sophisticated consumer is presumed to have at least basic information about the world and "a willingness to read a collection notice with some care." Id. In striking a balance between protecting consumers from abusive debt collection practices, Congress also included an exemption from the strict liability standard in place to protect debt collectors from unreasonable interpretations of the law and from liability for prior debt collectors' poor record keeping. Specifically, "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows ... that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error." 15 U.S.C. §1692k(c).

### III. STANDARD OF REVIEW FOR CLASS CERTIFICATION

As when deciding a Rule 12(b)(6) Motion to Dismiss, only the substantive allegations of the complaint must be accepted as true when ruling on a Motion for Class Certification. In re Energy Systems Equipment Leasing Securities Litigation, 642 F.Supp. 718, 724 (E.D.N.Y. 1986). The Court is not required to give credence to conclusory statements or allegations unsupported by facts. Papasan v. Allain, 478 U.S. 265, 286 (1986). Only a few of the paragraphs, namely 9, 11, 12, 14, 15, 52, 61-77, 86, 87, and 106 contain substantive allegations which the court must accept as true. The rest of the allegations are legal conclusions and bare statements of law that do not require the same acceptance by the Court.

While class actions are the preferred vehicle for prosecuting actions under the FDCPA, the standards set under Federal Rule of Civil Procedure 23 must still be met. As such, not every action filed under this statute will qualify for class action status. Plaintiff bears the burden of proving that each of the requirements of Rule 23 are met. East Texas Motor Freight System, Inc. v.

Rodriguez, 431 U.S. 395, 406 (1977). Although the requirements are to be construed liberally, if Plaintiff cannot each and every one of the requirements, the class cannot be certified. In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 290 (2d Cir. 1992).

Rule 23 requires that a potential class meet the four requirements of Rule 23(a) and one of the requirements of Rule 23(b). Rule 23 (a) has four prongs: (1) the class is so numerous that joinder of all members individually is impractical, (2) there are questions of law or fact common to all proposed members of the class, (3) the claims of the proposed class member are typical to the claims of all other class members, and (4) that the representative parties will fairly and adequately protect the interests of the class. Plaintiff argues that Rule 23(b)(3), that questions of law or fact common to the class predominate over questions affecting only individuals and that a class action is superior to any other method of adjudication, is the appropriate section to complete the requirements for class certification.

Plaintiff has requested two classes that are substantially the same, despite being broken out differently. Reading the description of the two classes, both start with a requirement that members of the class be New York consumers to whom the RESPA Letter complained of in Plaintiff's Complaint was sent. Both also require that the letters sent to the proposed class members misrepresent the amount of the debt on the letter—Class A specifically regarding unlawful interest and Class B more generally. As both proposed classes relate the same communication, Plaintiff complains of the same alleged violations of the FDCPA, namely §§1692e, 1692f and 1692g. The only material difference in the classes is that in one, the letters were allegedly received (Class A) and in the other, the letters were returned as undeliverable (Class B). Therefore, a determination on one proposed class should be applied to other.

## IV. NEITHER OF PLAINITFF'S REQUESTED CLASSES MEET THE STANDARD FOR CLASS CERTIFICATION.

Both of Plaintiff's proposed classes fail to meet the requirements of Rule 23, especially when excluding those allegations containing nothing more than legal conclusions and statements of law. Even giving Plaintiff the benefit of the doubt on these non-factual allegations, the vast majority of Plaintiff's complaint is a listing of individual harms and evidences a highly individual cause of action not suitable for litigating as a class action. See generally, Plaintiff's Complaint, reattached hereto and incorporated herein as Exhibit A.

### A. There is no commonality of law of fact.

Rule 23(a)(2) requires that there be a commonality of law or fact for all proposed members of a class. Commonality is satisfied by an examination of the characteristics of the proposed class. In re Colonial Partnership Litig., 1993 US Dist LEXIS 10884 (D Conn Feb. 10, 1993, Master File No. H-90-829 (JAC)).

Plaintiff has failed to meet the burden of proving commonality of fact. Plaintiff's allegations in their most basic form relate to misrepresentations regarding the amount of the debt in the RESPA letter due to an alleged implicit waiver of interest. Other than the legal conclusions alleging that the detailed chart contained in the RESPA letter would be misleading or confusing to the least sophisticated consumer, however, all of the facts pled by the Plaintiff are highly individual, relating to an alleged implicit waiver of interest later sought to be collected by a different debt collector. In fact, of the 116 paragraphs in the complaint, a staggering 100 paragraphs relate to facts individual to the plaintiff. Only two paragraphs relate to the proposed class, and both paragraphs are nothing more than legal conclusions—one stating simply that there was a violation of the FDCPA and the second that the class members are entitled to damages. Even those paragraphs under the title "Allegations Particular to Christopher Tabick" that could be read

as relating to the class (loosely interpreted, paragraphs 45-49, 51-106) do not allege a single fact. Rather, these paragraphs are conclusions of law, recitations of law, and allegations disproved by Plaintiff's own exhibit.

Contrary to Plaintiff's assertion that the Defendant treated all of the class members the same, the calculation of interest is, by its very operation, individual to each member of the putative class. Interest is calculated based upon, primarily, the terms of the Promissory Note. The interest rate in the Promissory Note is calculated by the loan originator or an agent of the loan originator based upon individual characteristics, such as the borrower's credit score or amount of the loan. Any proposed changes to the interest rate of a Promissory Note, including waiver (whether explicit or implicit) is also highly individual analysis, typically relating to the amount of accrued interest, the borrower's ability to repay that interest, the existence of a bankruptcy proceeding, loan modification negotiations, and other business decisions relating to the individual loan. Receipt of a RESPA letter similar to the one received by the Plaintiff is the most basic of the facts involved in the case and has little to do with the "overarching question" stated by Plaintiff in the first paragraph of page 4 of his Memorandum of Law in Support of this Motion.

Plaintiff has also failed to meet the burden of commonality of law. The only law common to all member of the proposed class is the FDCPA itself. The overarching question of law brought up in Plaintiff's complaint is the implicit waiver of interest by a prior creditor and a prior debt collector. There is no requirement in the description of either class that the prospective class member have "time-barred" or waived interest, whether explicitly or implicitly.

### B. The claims or defenses of the representative parties are not typical to the claims of the class and predominate over the claims of the class.

Typicality, under Rule 23(a)(3) is a similar, but not identical, standard that Plaintiff must meet to certify a class. Typicality is examined under a different standard, which looks into the

characteristics of the class representative. In re Colonial Partnership Litig., 1993 US Dist LEXIS 10884 (D Conn Feb. 10, 1993, Master File No. H-90-829 (JAC)). According to the U.S. Supreme Court, "a class representative must be part of the class and 'possess the same interest and suffer the same inquiry' as the class members." Gen. Tel. Co. of the Southwest v Falcon, 457 US 147 (1982) (internal citations omitted). Even given the leniency for factual distinctions between the claims of the representative and the class (United States v. Davis, 756 F. Supp. 1162 (E.D. Wis. 1991), there must be sufficient similarity for the representative to adequately represent the interests of the class. In re Colonial Partnership Litig., 1993 US Dist LEXIS 10884, at *15 citing East Texas Motor Freight System, 431 U.S. at 403. Class certification should not be granted when the facts alleged subject the proposed representative to unique defenses that unduly burdens the class with litigation over facts or law atypical of the rest of the class. Kline v. Wolf, 88 F.R.D. 696, 700 (S.D.N.Y. 1981) (affirmed in relevant part).

According to Plaintiff, the "overarching question common too all potential class members is whether or not the Defendant unlawfully sought to collect interest that the previous debt collector and the Creditor had knowingly waived." See, Plaintiff's Memorandum of Law in Support of Motion to Certify Class, page 4, first paragraph. The proposed classes do not reflect this overarching question, but rather seek more general claims, namely whether the interest was misrepresented—which, in and of itself, would require individual examination of each and every class member's Promissory Note, communications with Defendant, and loan history.

Plaintiff claims that typicality is met because each member of the putative class "received virtually identical letters under the same circumstances that Plaintiff received Defendant's letter." See Plaintiff's Memorandum of Law in Support of Motion for Class Certification, page 5-6. While RESPA letters are form letters, the facts Plaintiff complains of—implicit waiver of interest by a

prior servicer and/or creditor which is sought to be collected by a subsequent servicer—are highly unusual. It is doubtful that the members of the classes described received the letters in "the same circumstances" or have even remotely similar facts.

Plaintiff's unique set of facts, consisting of an alleged implicit waiver of interest by a prior servicer and creditor, which was then sought to be collected by a new creditor and servicer, raises unique defenses—that of a bona fide error, that would bar Plaintiff's claim. While a bar of Plaintiff's claim by no means disallows the certification of a class on its own, litigation over whether or not the Defendant acted in good faith, had notice of the implicit waiver—which Plaintiff fails to plead in his complaint—and that the alleged error in the calculation of the amounts due was a bona fide error will take up substantial time and effort and will likely drown the generalized claims of the putative classes. In fact, given Plaintiff's highly unusual fact pattern, it is unlikely that he will be able to adequately represent the rest of the members of the suggested classes while litigating to save his own claim. In fact, these unique facts will adversely affect the rest of the suggested class, which has a much lighter burden of litigating without the statutory exemption from liability suggested by Plaintiff's facts.

This concept also goes toward the requirement of Rule 23(b)(3) which requires that the questions of law or fact common to the class members predominate over the questions affecting only the individual—here the proposed representative. Looking at the 116 paragraphs of Plaintiff's complaint, only nine of the paragraphs are included under the class cause of action. Giving Plaintiff the benefit of the doubt and including the other 100 paragraphs not jurisdictional in nature, the only facts pled relate specifically to Plaintiff's individual claim. The rest of the paragraphs are legal conclusions or recitations of law, many of which are disproved by Plaintiff's exhibit. With the scarcity of facts in the allegations that could be common to the class, it would

not be unreasonable to view those additional allegations as a mere afterthought, included only to attempt class certification with no real effort to provide adequate representation of the members of these putative classes.

Additionally, given the emphasis on Plaintiff's unique fact pattern and the availability of an exception from liability that arises under this fact pattern, it is clear that the facts and law common to the putative class will be buried in litigation over Defendant's knowledge of the specific facts unique to his own claim. Should this Court find in favor of Defendant given Plaintiff's unique fact pattern, the rest of the class could likely see their alleged claims dismissed with little to no litigation on those merits.

## V. CONCLUSION

Plaintiff's Complaint alleges a very unusual fact pattern, that of an implicit waiver of interest by a prior loan servicer and/or creditor sought to be collected upon by a later servicer without a single allegation of knowledge of the implicit waiver. Plaintiff's Complaint goes on to cite a litany of legal conclusions and citations of the law, presumably for the sole purpose of certifying a class. Because of the unique fact pattern that is at the center of the litigation, and Defendant's likely exemption from liability under the FDCPA, Plaintiff has failed to meet the burden of proving the elements required for certification of a class. There are no questions of fact or law common to both the class and the Plaintiff, except at the most basic level. The unique questions of fact and law that pertain to the Plaintiff give rise to defenses for Defendant that do not apply to the proposed classes, and litigation over those issues will likely bury the more general claims of the putative classes, assuming those claims could withstand a Motion to Dismiss, let alone a Motion for Summary Judgment without the facts unique to the Plaintiff. Therefore,

Defendant respectfully requests this Court deny Plaintiff's Motion for Class Certification, and grant Defendant any other relief deemed just.

February 18, 2019

/s/ Kelly Kalahar
Kelly Kalahar, Esq.
Waldman, Kalahar & Associates, PLLC
Attorneys for Defendant
315 Madison Avenue 3rd Floor
New York, NY 10017
Telephone: 1-844-899-4162
Facsimile: 1-844-882-4703
Email: kelly@dwaldmanlaw.com
Email 2: newyorkforeclosures@dwaldmanlaw.com