UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
CHRISTOPHER TABICK, on behalf of
himself and all other similarly situated
consumers,

                            Plaintiff

                 - against -                        **MEMORANDUM & ORDER**

FCI LENDER SERVICES, INC.                     17-CV-4577 (RJD)

                        Defendant.
------------------------------------------------------------ x

DEARIE, District Judge

        Plaintiff Christopher Tabick, on behalf of himself and all other similarly situated consumers, brings an action under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, alleging that Defendant FCI Lender Services, Inc. sent Plaintiff a letter which failed to accurately state the amount of debt owed because the letter reflected interest due on Plaintiff's home loan even though, as Plaintiff asserts, the interest had been waived by Plaintiff's creditor, in violation of 15 U.S.C. §§ 1692e, 1692e(a)(2), 1692e(10), 1692f and 1692g(a)(1). Plaintiff now moves to certify the case as a class action pursuant to Fed. R. Civ. P. 23, with two separate classes of consumers: Class A, for consumers who received a letter materially identical or substantially similar to Plaintiff's letter regarding a debt which imposed interest when it was unlawful to do so, and Class B, for consumers who were sent, but did not receive, a letter materially identical or substantially similar to the letter Plaintiff received. Defendant opposes the motion arguing that Plaintiff's claims present unique issues of fact and law that are not suitable for litigation as a class action.

        Despite discovery having been completed in this case, Plaintiff provides no evidence to support certification of either of the proposed classes. Plaintiff's Complaint contains mostly highly

individual allegations relating to an alleged implicit waiver of interest later sought to be collected by a different debt collector. There are no allegations that any, much less many, other members of proposed Class A received collection letters imposing unlawful interest under similar circumstances, and Plaintiff's papers in support of their motion for certification contain no facts or documents from which the Court can determine that there is a large enough group of consumers with claims sufficiently similar to Plaintiff's to warrant class litigation. Additionally, the Court sees no basis on which to certify proposed Class B given that there is no indication that any of the members of this proposed class suffered any cognizable injury under the FDCPA since they did not receive Defendant's allegedly violative letters. Based on the dearth of information submitted by Plaintiff and the highly individualized circumstances and harms alleged in the Complaint, Plaintiff's motion for class certification is denied.

SO ORDERED.

Dated: Brooklyn, New York
      June 21, 2019

                                              s/ Raymond J. Dearie
                                              RAYMOND J. DEARIE
                                              United States District Judge